In the Matter of CLAUDE ELLIS, as Executor of EMMA BAUER, Deceased, Appellant. FLORENCE MURLIN, Respondent.— (The decree determines the owner of a bank account and cash in a discovery proceeding. The order denies petitioner's motion to open the decree.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

## (January 27, 1943.)

JOSEPH SCANIO, Respondent, v. ERNEST A. BARTH, Appellant, et al., Defendants.— (The judgment is for plaintiff in an automobile negligence action.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

In the Matter of the Will of JOHN C. G. WOLTER, Deceased. HARVEY G. WOLTER, Appellant and Respondent; DAVID E. PEUGEOT, Executor of JOHN C. G. WOLTER, Deceased, Respondent and Appellant; MABEL WIMMER et al., Respondents.— There was evidence to sustain the finding that the will was the product of undue influence even under the stringent rule laid down in *Matter of Mondorf* (110 N. Y. 450, 456), cited with approval in *Matter of Anna* (248 N. Y. 421, 424). Mrs. Wimmer claims that she was not drawn to the decedent because of liquor, love or passion. What then was her motive? The jury answered "money." The evidence indicates that the Wimmers appropriated the testator to themselves and set to work to reduce his estate to their possession. They got his insurance, money to educate their children, and finally the bulk of his property by a most unnatural will. To do this they had to mow down two previous wills in which his son, the contestant, shared generously. When the testator was taken to the hospital, after the will was executed, the Wimmers forbade anyone to see him. They notified none of his relatives of his illness. They took charge of his purse. The significance of all of these incidents, and many more contained in the record, were for the jury and not for the court. It is not the duty of the court to strain after probate. (*Delafield* v. *Parish*, 25 N. Y. 9, 35.) A very little influence may destroy the free agency of a testator. What constitutes undue influence is impossible to define with precision and it is not often the subject of direct proof. (*Rollwagen* v. *Rollwagen*, 63 N. Y. 504.) The order and the decree, so far as appealed from by the contestant, should be reversed and the first verdict of the jury should be reinstated. (The decree admits the will to probate after trial before MACGREGOR, J., and a jury, and the setting aside of the verdict of the jury and the direction of a verdict adjudging that the execution of the will was not obtained by fraud and undue influence and that testator was free from restraint. The order of the Supreme Court sets aside the verdict of the jury as to certain questions.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.